UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

_____
                                    )
THATH SIN,                          )
                                    )
        Petitioner,                 )
                                    )       Civil Action No.
        v.                          )       14-14376-FDS
                                    )
ANTONE MONIZ, Superintendent of     )
Plymouth County Correctional Facility, )
and JOSEPH D. MCDONALD, JR.,        )
Sheriff of Plymouth County,         )
                                    )
        Respondents.                )
_____ )

## MEMORANDUM AND ORDER OF DISMISSAL

**SAYLOR, J.**

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 arising from the detention of a convicted felon following the completion of his prison sentence. Petitioner Thath Sin was convicted in 2007 of rape of a child with force, and was sentenced to five to eight years of incarceration. He completed his sentence on October 3, 2014. While Sin was still serving his sentence, the Department of Homeland Security initiated proceedings to remove him from the United States. On May 22, 2014, the immigration judge ordered removal to Cambodia, but granted deferral of removal under the Convention Against Torture after finding that Sin more likely than not would face torture if he were removed to Cambodia. The removal order became final when neither party filed an appeal with the Board of Immigration Appeals.

After completing his sentence on October 3, 2014, petitioner was held in immigration detention by the Department of Homeland Security at the Plymouth County Correctional Facility. Petitioner commenced this proceeding to seek his release from detention, contending

that his detention was unlawful because it was not tied to any reasonably foreseeable removal. On January 7, 2015, without any action by the Court, petitioner was released.

In light of his release, it is not necessary for the Court to determine the legality of the detention of petitioner. He nonetheless contends that the matter is not moot, and indeed seeks certain additional relief. In particular, he seeks an order requiring the United States to provide him notice and an opportunity to be heard (1) to challenge his detention, should he be detained again, and (2) prior to any removal from the United States.

The government contends that because petitioner has been released, the dispute is moot and his petition should be dismissed. It appears, however, that even though petitioner has been released, the dispute is not necessarily moot because "there is a reasonable expectation that [he will] be subjected to the same action again." *Diop v. ICE/Homeland Security*, 656 F.3d 221, 227 (3d Cir. 2011) (quoting *Turner v. Rogers*, 131 S. Ct. 2507, 2515 (2011)); *see also Clark v. Martinez*, 543 U.S. 371, 376 n.3 (2005).

Nonetheless, petitioner's requests for additional relief will be denied. First, as to the request that he be afforded notice and an opportunity to be heard if he is detained again, there is no need to enter such an order. If he were to be detained again, petitioner retains the right to file a new petition for a writ of habeas corpus under 28 U.S.C. § 2241 and to challenge the lawfulness of his detention. Second, as to his request for an order requiring that the United States provide notice and an opportunity to be heard before he is removed from the United States, this Court lacks jurisdiction to issue such an order. Such an order is, in effect, an injunction that prohibits the execution of a final order of removal except upon certain conditions. The REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231, 302 (May 11, 2005),

restricts this Court's jurisdiction in matters relating to the removal of aliens. Under 8 U.S.C. § 1252(a)(2)(C), this Court does not "have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense . . . ." Rather, the power to enjoin an order of removal rests with the appropriate court of appeals. 8 U.S.C. §§ 1252(a)(2)(D), 1252(a)(5), 1252(g); *see also Tejada v. Cabral*, 424 F. Supp. 2d 296, 298 (D. Mass. 2006).

Accordingly, petitioner's request for additional relief is DENIED, and the petition is DISMISSED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: January 30, 2015